ALICE S. FISHER
ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

JERRY D. MASSIE
NANCY K. OLIVER
Trial Attorneys
United States Department of Justice
950 Pennsylvania Ave., N.W.
Suite 6746
Washington, D.C. 20530
(202) 616-5731

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:02-cr-0028-OMP -1 |
| ARNOLD WESLEY FLOWERS, | ) GOVERNMENT'S SUPPLEMENTAL RE-SENTENCING MEMORANDUM |
| Defendant. | ) |

COMES NOW Plaintiff United States of America, by and through its attorney, Alice S. Fisher, the Assistant Attorney General for the United States Department of Justice, Criminal Division, and submits this supplemental memorandum for the re-sentencing hearing presently scheduled for Wednesday, February 22, 2006. The government relies on the Government's Sentencing Memorandum, Including Motion for

Upward Departure, filed in Case Number A02-0028 CR (OMP) on July 15, 2003 and United States' Sentencing Memorandum and Motion for Upward Departure, filed in Case Number A02-022 CR (OMP) on July 15, 2003, prior to sentencing; and the Government's Response to Flowers' Response to Court's Order Regarding Resentencing and to Court's Order of September 2, 2005 (Government's Response), filed in both cases on September 15, 2005 and would supplement those filings as follows:

As noted in the Government's Response in September, this case was remanded by the Ninth Circuit Court of Appeals to address the question of whether Flowers' sentence would have been materially different had the district court known the sentencing guidelines were advisory. The Government urges the Court to find that the sentence would not have been materially different, and that a re-sentencing hearing is unnecessary. As shown below, this Court specifically considered the statutory factors under 18 U.S.C. § 3553(a) at the original sentencing, and no further re-consideration is warranted.

Flowers was found guilty after a jury trial on June 6, 2003 in the A02-0028 case, of Conspiracy to Tamper with a witness in violation of 18 U.S.C. § 371 and Attempted Witness Tampering in violation of 18 U.S.C. § 1512(b)(1).[1] The sentence was initially calculated using the United States Sentencing Guidelines. The defendants conduct merited an offense level 27. To the base offense level of 12, the Court added 8 points

---

[1] Flowers was also convicted, in a separate trial in case No. A02-0022, of conspiring to commit bank fraud, in violation of 18 U.S.C. § 1344. The sentencing on that conviction was consolidated with the witness-tampering convictions.

because the offense involved threats of physical injury (Guidelines 2J1.2(b)(1)) and three levels for substantial interference with the administration of justice, pursuant to Guidelines 2J1.2(b)(2). The Court then departed upward by five levels because it found that Flowers "knew that there was contemplated the murder of a federal judge, an Assistant * * * United States Attorney, and a--key witness." Sent. Tr. 24. The Court then decreased Flowers' offense level by one, as a compromise, for partial acceptance of responsibility. With his Criminal History Category of IV, the Guidelines range was 100 to 125 months' imprisonment and the Court sentenced Flowers to 100 months' imprisonment.

Nonetheless, this Court considered the principles of 18 U.S.C. § 3553(a) and ordered Flowers' sentence in accord with those principles. For example, the Court discussed at length the nature and circumstances of the offense and the defendant's history and characteristics. The Court in departing upward five levels noted that "the tapes and the notes and the testimony, all together" demonstrated that Flowers contemplated the murder of the witness as well as the judge and prosecutor. Sent. Tr. 24. In the Court's view, the upward departure was needed because "adjustments under the Guidelines for the physical injury adjustment and substantial interference adjustment were -- were not sufficient to -- cover the total problems with this case." Sent. Tr. 24. Finally, when imposing the 100 month sentence, the Court specifically stated it believed its

application of the guidelines took into account the seriousness of the defendant's conduct. Sent. Tr. II 3.

Further, the Court also considered the need to deter the defendant as well as his history and characteristics. Sent. Tr. 26 (agreeing with the government that the Court needed to get Mr. Flowers' attention). The Court rejected the defendant's argument that his criminal history was overstated but noted that the defendant had "a lot of talent and ability." Sent. Tr. 25, 28. Similarly, the Court considered and rejected the defendant's arguments with respect to imposing restitution on Mr. Flowers.

Mr. Flowers' had every incentive to present mitigating sentencing factors at his initial sentencing, in order to argue that he should be sentenced at the low end of the sentencing range. And, the defendant did argue at sentencing (and continues to argue now) that the Court should consider the alleged conditions of his confinement when imposing sentence. Sent. Tr. 28.

The defendant's Response to Response to the U.S. (Defendant's Response) filed September 29, 2005, attempts to characterize the Government's silence on certain requests by the defendant to revisit determinations made at the initial sentencing as acquiescence. First, the defendant asks the Court to revisit the restitution issue. The Court rejected the defendant's objection to the PSR claiming that he should owe no restitution. Defendant now asks for a downward departure based on "multiple causation of loss." The Government opposes relitigating this issue and the defendant's belated

claim for a downward departure based on case law available to the defendant at the sentencing in July 2003.

Next, the defendant asks the Court to grant a downward departure based on his "pre-trial mordant solitary confinement." As noted above, the Court considered Mr. Flowers' allocution regarding this issue before imposing sentencing. The Government opposes re-litigating this issue as well. Further, and as noted previously, the defendant's claim that "there is simply no credible evidence to support the eight-level enhancement" is clearly without merit and the Court so found at the initial sentencing. Finally, the Government opposes relitigating the issues decided at the initial sentencing but should the Court decide to do so, the Government opposes the imposition of any reduction for Acceptance of Responsibility. See United States v. Jeter, 236 F.3d 1032, 1034 (9th Cir. 2001) ("Sentencing Guidelines plainly do not allow an adjustment of only one level for acceptance of responsibility" and noting other Circuit deciding same).

## CONCLUSION

The issue before the Court is whether Flowers' sentence would have been materially different had the district court known the sentencing guidelines were advisory. The Government urges the Court to find that the sentence would not have been materially different and that a re-sentencing hearing is unnecessary. Nevertheless, if the Court chooses to vacate the defendant's sentence, the Government then urges the Court not to re-litigate issues properly resolved at the first sentencing. To the extent the Court is

inclined to re-litigate any issue or issues, the Government reserves the right to rely on the full record in this case.

RESPECTFULLY SUBMITTED THIS 16th day of February, 2006 at Anchorage, Alaska.

ALICE S. FISHER
ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

*/s/ Jerry D. Massie*

JERRY D. MASSIE
Trial Attorney

NANCY K. OLIVER
Trial Attorney

DATED: February 16, 2006.

*I declare under penalty of perjury that a true and correct copy of the foregoing* GOVERNMENT'S SUPPLEMENTAL RE-SENTENCING MEMORANDUM was served upon counsel of record by electronic mail:

Hugh W. Fleischer
310 K Street, Suite 200
Anchorage, AK 99501
907 264 6602 (fax)
hfleisch@aol.com

Allison Mendel
845 K. Street
Anchorage, AK 99501
907 279 5437 (fax)
Amendel-mendel@gci.net

David R. Weber
Vasquez & Weber, PC
943 West Sixth Avenue
Suite 132
Anchorage, AK 99501
907 279 9123 (fax)
DRWeber@acsalaska.net

and Courtesy Copy emailed to Judge Panner at Deborah_Desjardins@ord.uscourts.gov

Executed at Anchorage, AK on
February 16, 2006

*K Joy McCulloch*
for NANCY K. OLIVER
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE

U S v. Flowers
3:02-cr-0028-OMP                     7