ORIGINAL
DOCKETED
FILED
JUL 0 6 2005
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS
RECEIVED
MAR 2 3 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 03-30328 |
| Plaintiff - Appellee, | D.C. No. CR-02-00022-a-OMP |
| v. | |
| ARNOLD WESLEY FLOWERS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted July 9, 2004
Vacated August 18, 2004
Resubmitted July 6, 2005

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

Arnold Wesley Flowers appeals both the district court's refusal to accept his guilty plea to conspiracy under 18 U.S.C. § 371, and his sentence imposed for violations of 18 U.S.C. §§ 371 and 1512(b)(1) for conspiracy, conspiracy to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

tamper with a witness, and tampering with a witness. For his involvement in all crimes, Flowers was sentenced to 100 months' imprisonment. We heard argument and submitted the appeal for decision on July 9, 2004. When the Supreme Court granted certiorari in *United States v. Booker*, 125 S. Ct. 738 (2005), we vacated submission pending the outcome of *Booker*. We now order the appeal resubmitted for decision, and affirm in part and remand in part.

1.   Flowers's guilty plea.

Because Flowers did not supply the district court with an adequate factual basis to establish that he was guilty of conspiracy to commit bank fraud, the district court did not abuse its discretion in rejecting Flowers' guilty plea. *See United States v. O'Brien*, 601 F.2d 1067, 1069-70 (9th Cir. 1979). Despite the district court's repeated efforts to give Flowers an opportunity to establish that he knew of the plan to defraud Wells Fargo, Flowers steadfastly maintained that he knew nothing of the plan until after it had been executed, and that he had merely received the fruits of the counterfeiting scheme. Because Federal Rule of Criminal Procedure 11 requires a "factual basis for the plea," Fed. R. Crim. P. 11(b)(3), and Flowers provided none, the district court did not abuse its discretion by refusing his plea.

2.   Restitution.

The district court also did not abuse its discretion in ordering Flowers to pay $15,450 in restitution to Wells Fargo under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A(c)(1)(A)(ii) ("MVRA"). *See United States v. Lawrence*, 189 F.3d 838, 846 (9th Cir. 1999). Restitution under the MVRA is mandatory in cases such as Flowers', where property loss results from an offense "committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). Because members of a conspiracy are liable for losses stemming from all reasonably foreseeable actions committed by their co-conspirators, Flowers' conspiracy conviction renders him jointly and severally liable for the losses suffered by Wells Fargo. *See United States v. Riley*, 335 F.3d 919, 931 (9th Cir. 2003).

3. Sentencing issues.

Because Flowers did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a "limited remand" pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

**AFFIRMED IN PART; REMANDED IN PART.**

3

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR 17 2006

by: Wang
Deputy Clerk